**J. C. DIELMANN CO. v. PEASLEE–GAUL-
BERT CO. et al.   (No. 10230.)**

Court of Civil Appeals of Texas.   San Antonio.
Jan. 8, 1930.

Rehearing Denied Jan. 8, 1930.

Dielmann & Forster, of San Antonio, for plaintiff in error.

Davis & Wright, of San Antonio, for defendants in error.

PER CURIAM.   Plaintiff in error questions the jurisdiction of this court to affirm the judgment below, on certificate.   Most of the reasons urged by plaintiff in error are based upon lax and faulty procedure occasioned by plaintiff in error itself.

■■ 1. The term of the court at which this cause was tried was adjourned on June 1.   On that day the trial judge made an order extending the term as to this cause, as provided by statute.   This order was dated June 1.   The judgment appealed from was rendered on   June 20.   A copy of the order, contained in the transcript, appears to have been "filed" by the trial court clerk on June 3, after adjournment of the regular term at which the. cause was tried.   The statute provides that such an order, to be effective, must be "entered on its minutes during the term."   Chapter 22, Acts 1927, p. 26, § 13.   Now, it is assumed by plaintiff in error that because this instrument was so "filed" on June 3, which was after the adjournment of the term, it was not entered in the minutes until that

day, and that this assumed failure to actually enter the order in the minutes during the regular term nullified both the order and the judgment subsequently rendered. We overrule this contention. There is no provision in the statute requiring such an order to be "filed," at any time, or that it be put in writing, except through its entry in the minutes. If there was a separate writing evidencing the order, it will be considered merely as a memorandum of the provisions of the order, and it does not matter when, if at all, it is filed. The entry in the minutes constitutes the original order, and it will be presumed, in the absence of affirmative showing to the contrary, that the entry was made the day the order was made, which was in term time.

■■ It was recited in the judgment appealed from as follows: "And it appearing to the Court that the April, 1929 Term of this Court was continued as to this cause by order entered in the Minutes of the April Term of this Court on June 3rd, 1929, for the purpose of permitting a determination of this cause. * * *" In the caption of the transcript, over the certificate of the county clerk, however, it is recited that the April term of court began on April 1 and ended "on the 1st day of June, A. D. 1929, but, which said April, 1929, Term of this Court was continued as to this cause by order entered in the Minutes of the April Term of this Court on June 1st, 1929, for the purpose of permitting a determination of this cause. * * *" The two recitations are therefore in conflict as to when the order was entered in the minutes, and the conflict must be resolved here. We conclude that as the entry of the order in the minutes was peculiarly and exclusively within the duty and province of the clerk, his direct certificate of the date of such entry would control against an incidental recitation in the judgment to the contrary. It should be added that it is the duty of the trial judge to make the order and of the clerk to enter it in the minutes, during the term to be extended, and it will be presumed that both officials performed their respective duties in accordance with express statutory requirements, unless the record clearly shows they did not do so. As the record is in confusion on the point, the certificate of the official charged with the duty of entering the order, that it was entered within the time prescribed by statute, will be taken as true.

■■ 2. In one of its pleadings in the trial court, plaintiff in error prayed that the Peaslee-Gaulbert Paint & Varnish Company be made a party defendant; but it does not appear that this prayer was granted, or that process was issued to or served upon that concern, or that it appeared or participated in the litigation. It was not disposed of in the judgment appealed from, and for that reason plaintiff in error asserts that such judgment lacked the finality necessary to support the appeal prosecuted herein by plaintiff in error. We overrule this contention. If, after praying that said company be made a party, plaintiff in error failed to follow up its prayer and neglected to procure any orders or process bringing such company into the case, it cannot now assert that that company should have been concluded by judgment. The trial court properly ignored the proposed defendant, which never became a party to the suit or subject to judgment therein.

■ 3. Plaintiff in error improperly included said Peaslee-Gaulbert Paint & Varnish Company as one of the obligees in the supersedeas bond upon which this writ of error is prosecuted. After so improperly electing said company as a party to the appeal, plaintiff in error failed to have citation in error issued to or served upon it, and now sets up its omission as ousting this court of jurisdiction over the appeal. But as said company was not a party to the suit, and was not sought to be concluded by the judgment, it was not a proper party to the appeal, and the failure of plaintiff in error to follow up its supersedeas bond and procure issuance and service upon a party improperly named by plaintiff in error as an obligee in the bond cannot now be urged by plaintiff in error for the purpose of depriving this court of jurisdiction in this writ of error proceeding.

4. The inclusion of said company as an obligee in the supersedeas bond filed by plaintiff in error misled the clerk of this court into erroneously including said company as a party to the judgment of this court. Said judgment will be amended so as to exclude said company from its operation.

■ 5. Defendant in error waived service upon it of citation in error. Plaintiff in error attacks the sufficiency of the writ of error prosecuted by it, because the date of such waiver is not affirmatively shown in the record. Such date, however, will be assumed to be the same as the date of the filing of the waiver, which is shown in the record.

Plaintiff in error's motion to set aside the judgment of affirmance will be overruled.